IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

ASSOCIATED GENERAL
CONTRACTORS OF AMERICA, *et al.*,
        Plaintiffs,

v.

JOSEPH R. BIDEN, JR., *et al.*,

        Defendants,

Civil Action No. 24-cv-37

## DECLARATION OF JORDAN HOWARD

I, Jordan Howard, hereby declare as follows:

1. I am employed by the Associated General Contractors of America (AGC), the lead plaintiff in this litigation captioned above. I serve as Counsel, Federal Construction and Regulatory Affairs for AGC. My responsibilities include monitoring federal government actions that impact AGC members. This includes regular monitoring of information published by the federal government on a variety of federal government websites, at including the www.sam.gov website, where the government regularly publishes notices and solicitations for construction projects requested by the various procurement agencies. I offer this declaration in support of Plaintiffs' opposition to the government's motion to dismiss the complaint filed in the litigation captioned above. I have personal knowledge of, and am competent to testify to, the matters contained in this declaration.

2. On January 11, 2024, the Federal Acquisition Institute, in conjunction with the federal government's Office of Federal Procurement Policy (OFPP), sponsored a webinar-based training program as part of proceeding with the FAR Council final rule implementing Executive Order 14063, which requires, with limited exceptions, contractors performing on federal construction contracts valued at $35 million or more to operate under a particular type of collective bargaining agreement known as a Project Labor Agreement (the PLA Mandate). A true and accurate copy of the presentation used in that training program is attached at Exh. 1. I understand that the procurement agencies are using these training materials for the training the final rule requires them to conduct for their staff responsible for the bid and award process.

3. This presentation makes it clear that exceptions will rarely be approved.  For example, the training materials state that no exception will be allowed by a Senior Procurement Executive even if "the number of offerors who indicate they will not compete because of the PLA is significantly higher than the number of sources who have expressed an intent to compete." Exh. 1 at 29.  This statement tracks similar language in the final rule.  This statement reveals that the Government's intention to give a strong preference for contractors willing to work under a PLA, at the expense of other equally qualified contactors.  The presentation also makes it clear that compliance will necessarily require the procurement agencies to engage in a significant amount of regulatory detail.  For example, consistent with the final rule, this presentation confirms that, for each exception allowed by a designated government official known as the Senior Procurement Executive, the agency, within three days of that person's decision granting an exception, must prepare information and make a detailed publicly-available report to the Office of Management and Budget.  Exh. 1 at 29-33.  These reports are just an example of the numerous regulatory obligations the final imposes on the procurement agencies.

4. As of the date of this declaration, I have not seen any examples of construction projects covered by the PLA Mandate for which an exception has been granted.

5. As part of implementing the PLA Mandate, the various procurement agencies subject to the Mandate have begun to issue various types of notices of require use of PLA's, intended use of PLA's or notices about market research, for upcoming covered construction projects.  As of the date of this declaration, there have been at least 13 active notices issued since the January 22, 2024 effective date of the final rule, according to information published on www.sam.gov,   These requests include a questionnaire asking interested contractors to respond to several questions about the feasibility of a PLA.  For example, on January 25, 2024, NAVFAC Southeast issued an updated Request For Information soliciting comments for major construction projects at the Truman Annex, Naval Air Station (NAS), Key West, Florida.  Exh 2 is a true and accurate copy of this RFI.  The original RFI was issued on January 16, 2024.  RFI responses were due on January 30, 2024.

6. Procurement agencies have begun to implement the PLA Mandate through other announcements.  For example, on February 1, the U.S. Department of Veterans Affairs (VA) published a pre-solicitation Notice of Opportunity for a large construction project at a VA Medical Center building in New York City.  Exh. 3 is a true and accurate copy of this Notice.  The Notice specifies that offerors' submissions must include a PLA.  Submissions were due on February 16.  I am unaware of any effort made by the VA to conduct a market survey or take any other actions to determine whether an exception will be allowed for this project.

7. On January 24, the VA published a Notice of Opportunity for a large construction project at a VA facility in Amarillo, Texas.  Exh. 4 is a true and accurate copy of this Notice. The Notice specifies that offerors' submissions must include a PLA. Exh. 4 at 6.  Submissions were due on February 7.  I am unaware of any effort made by the VA to conduct a market survey or take any other actions to determine whether an exception will be allowed for this project.

8. On January 29, the Mobile District of U.S. Army Corps of Engineers published a Notice of Opportunity for a large construction project at the Redstone Arsenal in Alabama, with an estimated value of $250,000,000.  Exh. 5 is a true and accurate copy of this Notice.  The Notice specifies that offerors' submissions must include a PLA.  Exh. 5 at 5.   The Notice required an initial response by February 13.   The Notice does not specify either the due date for submissions generally, or the due date for submission of an executed PLA

9. Implementation of the PLA Mandate has also included the publication of several Requests for Qualifications (RFQ).  Exh 6 is a true and accurate copy of the Solicitation Phase I Request for Qualifications of an RFQ issued on February 23, 2024, by the General Services Administration (GSA).  This RFQ describes a construction project to modernize a GSA office building located in Washington, D.C.  As with most GSA projects, this proposal indicates that it will be a firm fixed price contract, with no opportunity for a price adjustment.  The RFQ indicates that interested bidders must submit a proposal on or before April 1, 2024.  Proposals must include a Phase II Price/Cost proposal, along with a Technical proposal, which, among other requirements, must include submission of an executed PLA.  Exh. 6 at 29.

10. Implementation of the PLA Mandate has also included the publication of several formal Requests for Proposal (RFP), containing actual solicitations for bids from interested contractors.    On February 2, GSA issued an RFP for a large construction project in Brownsville, Texas, known as the Brownsville Gateway Modernization project.  Exh. 7 is a true and accurate copy of this RFP.   The RFP imposes a deadline of March 4, 2024, for submission of bids on Phase I of this project.  The RFP stipulates that any Phase II bid must include a PLA; it does not state a specific due date for submission of the Phase II bid.  Because this is a two-phase project, interested contractors must be taking appropriate steps now to try to obtain a PLA so that they will be able to submit responsible, timely bids.

11. On February 20, the Mobile District of the U.S. Army Corps of Engineers issued a formal RFP, solicitation # W9127824R00131, for a major construction project to be performed at the ARS facility in Auburn, Alabama.  Exh. 8 is a true and accurate copy of relevant portions of this RFP. Proposals are due on April 9, 2024.  As written, the RFP requires that all offerors include an executed PLA at the time of submission.

12. I understand that the Senior Procurement Executive responsible for granting exceptions for projects executed by the U.S. Army Corps of Engineers, is the Hon. Douglas R Bush, nominated by President Biden and confirmed by the United States Senate, and, on February 11, 2022, sworn in as the Assistant Secretary of the Army for Acquisition, Logistics and Technology.  For projects executed by NAFVAC, I understand that the Senior Procurement Executive is likely to be Mr. Nickolas Guertin, the Assistant Secretary of the Navy for Research, Development and Acquisition (DASN-RDA), unless that responsibility is delegated.  I understand the current likely such designee is Mr. Steven A. Nickle, the current Executive Director of the Department of the Secretary of the Navy (Procurement).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is correct.

Executed on this 26th day of February, 2024, in _Washington, D.C._.

_Jordan Howard_
Jordan Howard