IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Associated General Contractors of America, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> Federal Acquisition Regulatory Council, *et al.*, <br><br> *Defendants*. | Civil Action No. 24-cv-37 |

**DEFENDANTS' SUR-REPLY IN OPPOSITION TO
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION AND STAY**

As Defendants previously explained, the Court should deny Plaintiffs' preliminary injunction motion, after either dismissing this action for lack of Article III standing or improper venue or transferring the action to a proper venue. *See* ECF No. 23-1 ("PI Opp'n"), at 7-8 (citing *La. Forestry Ass'n, Inc. v. Solis*, 814 F. Supp. 2d 655, 656 (W.D. La. 2011); *NAACP v. Tindell*, 90 F.4th 419, 423 (5th Cir. 2024)).[1]

In the alternative, even if the Court determines that any Plaintiff with venue in this District has established standing to challenge the PLA Rule, Plaintiffs do not make the more demanding showing that irreparable harm is imminent absent preliminary injunctive relief. *See, e.g.*, *Gouldd v. Accetta*, No. 3:08-CV-0497-O, 2009 WL 10678304, at *1 (N.D. Tex. Feb.

---

[1] Defendants' opposition brief referred to Defendant's then-operative motion for transfer or dismissal, ECF No. 19, which was rendered moot when Plaintiffs filed an amended complaint, ECF No. 27; *see* ECF No. 28. But the same arguments apply with equal force by reference to Defendants' renewed Civil Rule 12 motion. ECF No. 33-1 ("Renewed R. 12 Mot."). That is, for the reasons explained in Defendants' renewed motion, Plaintiffs have neither established venue in this District nor Article III standing to maintain this action. *See id.* Accordingly, the Court should deny their motion for a preliminary injunction on those threshold grounds. *See* PI Opp'n at 7-8.

24, 2009) (noting that, to establish irreparable harm for purposes of preliminary injunctive relief, "[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing" (internal quotation marks and citation omitted)). That failure alone is a sufficient ground to deny Plaintiffs' preliminary injunction motion.

None of the new evidence belatedly submitted alongside Plaintiffs' preliminary injunction reply brief alters that result. First, Plaintiffs attempt to rely on the statement of George Rogers in his supplemental declaration that he has responded to at least ten requests for information to facilitate contracting agencies' market research to establish that contractors are being "requir[ed] . . . to adjust *now* to this new regime." *See* PI Reply at 9 (citing ECF No. 29-10 ("Rogers Suppl. Decl.") ¶ 6. But as Defendants have explained, neither the PLA Rule nor any other source of law requires any contractor to respond to such surveys. *See* Renewed R. 12 Mot. at 12. Any burdens associated with voluntary survey responses accordingly are not "classic compliance costs," as Plaintiffs assert, PI Reply at 9, as they are not required for compliance with the Rule.

Second, Plaintiffs argue that they are accruing costs and making adjustments to business plans "now" in response to the PLA Rule. PI Reply at 11. Significantly, however, Plaintiffs cite no evidence to support the assertion that any Plaintiff is presently incurring any costs as a result of the PLA Rule. Instead, they cite Rogers's supplemental declaration stating that "*if*" his company were required to enter into PLAs, it could be forced to restructure or close. PI Reply at 11 (emphasis added) (citing Rogers Suppl. Decl. ¶¶ 14, 25). That contingent and speculative possibility does not establish imminence. It also rests on a misapprehension of many of the Rule's features, as explained in Plaintiffs' opposition brief. *See* PI Opp'n at 18-20.

Plaintiffs' attempt to rely on the declarations of the Individual Plaintiffs, PI Reply at 11 n.7, is even further from the mark. None of the Individual Plaintiffs' declarants states that his business would be unable to comply with a PLA requirement in the event that such a requirement were imposed on a large-scale construction project for which that Plaintiff would

2

be a competitive bidder. Nor does any declarant state that entering a PLA would reduce profits or otherwise cause financial harm to his business. Instead, Individual Plaintiffs' declarants contend that they "ha[ve] no intention of bidding any new work that would require [their] compan[ies] to sign a Project Labor Agreement," and that this decision not to bid on new federal construction projects would result in "a potential loss of business which would adversely impact [their] Compan[ies]." ECF No. 29-2 ¶¶ 9-10; ECF No. 29-3 ¶¶ 9-10; ECF No. 29-4 ¶¶ 9-10; ECF No. 29-5 ¶¶ 9-10; ECF No. 29-6 ¶¶ 9-10; ECF No. 29-7 ¶¶ 9-10; ECF No. 29-8 ¶¶ 9-10; ECF No. 29-9 ¶¶ 9-10. But the voluntary decision to opt out of competing for a business opportunity is a quintessentially self-imposed harm that is not cognizable for purposes of establishing entitlement to preliminary injunctive relief from an agency rule. *Cf. Texas v. EPA*, 662 F. Supp. 3d 739, 757 (S.D. Tex. 2023) (holding that any "'chilling effect' on business decisions . . . falls within the realm of self-imposed harm" (citing *Texas v. Biden*, 10 F.4th 538, 558 (5th Cir. 2021))), *appeal dismissed*, No. 23-40306, 2023 WL 8295928 (5th Cir. Oct. 6, 2023). That is especially so for decisions to opt out of a regime that itself contains exceptions, which, as explained in Defendants' opposition brief, could render the PLA requirement inapplicable for contracts on which plaintiffs would otherwise compete. *See* PI Opp'n at 25, 27. In any event, any such speculative impact on the Individual Plaintiffs' businesses also is not imminent, for the reasons explained above.

## CONCLUSION

For these reasons and for the reasons explained in Defendants' opposition brief, the Court should deny Plaintiffs' motion for a preliminary injunction.

Dated: March 7, 2024                    Respectfully submitted,

                                                     BRIAN M. BOYNTON
                                                   *Principal Deputy Assistant Attorney General*

                                                   LESLEY FARBY
                                                   *Assistant Branch Director*
                                                   *Federal Programs Branch*

/s/ *Taisa M. Goodnature*
TAISA M. GOODNATURE
(N.Y. Bar No. 5859137)
*Trial Attorney*
MICHAEL J. GERARDI
(D.C. Bar No. 1017949)
*Senior Trial Counsel*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington D.C. 20005
Tel: (202) 514-3786
taisa.m.goodnature@usdoj.gov

*Attorneys for Defendants*